# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

RECEIVED
2020 JAN 29 P 1: 32
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CARISSA WILLIAMS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 3:20-CV-0070 |
| ) | JURY DEMAND |
| LEE COUNTY BOARD ) | |
| OF EDUCATION, ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991" and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983, providing injunctive and other relief against race discrimination and retaliation.

### II. PARTIES

2. Plaintiff, Carissa Williams, is an African American female citizen of

1

the United States and is a resident of Phenix City, Alabama.

3. Defendant, Lee County Board of Education, is a governmental entity within the State of Alabama, comprised of elected officials who are responsible for policy and governance of public schools in Lee County, Alabama, which employs at least fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e(b)(g) and (h).

### III. ADMINISTRATIVE PROCEDURES

4. Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at Lee County Board of Education.

6. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of race, and subjecting Plaintiff to retaliation.

7. On May 03, 2018, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission (hereinafter "EEOC"). (Exhibit 1).

8. Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on October 29, 2019, and Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights. (Exhibit 2).

9. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS

### COUNT ONE

#### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 BY AND THROUGH 42 U.S.C. 1983 RACIAL DISCRIMINATION, HARASSMENT AND HOSTILE ENVIRONMENT CLAIMS

10. Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) above as if fully set forth herein.

11. Plaintiff is an African American female and was hired in or around August 2017 as an Inventory Clerk.

12. When Plaintiff started work she was also assigned the duties of Kitchen Supervisor and given the title of Inventory Clerk/Kitchen Supervisor.

13. Plaintiff was a good employee and was qualified to hold the position of Inventory Clerk/Kitchen Supervisor.

14. Plaintiff's immediate supervisor was Amanda Howington, Caucasian.

15. Not long after Plaintiff was hired she was subjected to harassment,

3

discriminatory comments and a hostile working environment by Caucasian employees Valarie Redledo and Patsy Martin. Valerie Redledo called Plaintiff a "black bitch" on more than one occasion. Caucasian employees told Plaintiff that she "better watch her back."

16. In August 2017, Plaintiff complained to her supervisor, Amanda Howington, about the racial discrimination, discriminatory comments and hostile working environment and reported that she was being discriminated against and harassed by Caucasian employees Valerie Redledo and Patsy Martin.

17. Plaintiff complained and engaged in protected activity.

18. After Plaintiff engaged in protected activity and complained to her Caucasian supervisor, Ms. Howington began retaliating against Plaintiff, harassing her, treating Plaintiff differently, and creating a hostile working environment for the Plaintiff.

19. In or around September 2017, Plaintiff complained to the Caucasian Principal, Paul Hohler, about the discrimination, retaliation, harassment, hostile working environment and retaliation.

20. Plaintiff also filed grievances regarding the discriminatory, harassing and retaliatory conduct and submitted a grievance to the Caucasian Acting Assistant Superintendent, Marcus Fuller.

21. On or about October 1, 2017, Plaintiff's wages were decreased from a

level ten to a level two resulting in a $400.00-$500.00 monthly pay reduction.

22. Around October 2017, and after Plaintiff engaged in protected activity, her office was moved into a closet/stock room.

23. On or about November 6, 2017, Ms. Crystal Patterson, the Caucasian Food Director, and Ms. Michelle Washington Human Resources Director, called Plaintiff to a meeting with all the Caucasian employees Plaintiff complained about and the same employees who subjected Plaintiff to discrimination, harassment, retaliation and a hostile working environment. Ms. Patterson yelled at Plaintiff and did not treat the Caucasian employees in the same manner.

24. During the November 6, 2017 meeting, Ms. Washington informed Plaintiff that she was not a manager and there was no such position. However, Plaintiff was still required to perform management duties without receiving the appropriate managerial pay.

25. On November 1, 2017, Plaintiff was unjustly issued a verbal warning by Ms. Howington, Plaintiff's Caucasian supervisor.

26. On December 4, 2017, Plaintiff was unjustly issued a written reprimand by Ms. Howington.

27. On December 6, 2017, Plaintiff was fired.

28. Defendant subjected Plaintiff to adverse treatment, discrimination, harassment and retaliation, with respect to the terms and conditions of her

employment.

29.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

30.     Defendant's illegal discriminatory, harassing and adverse actions injured Plaintiff.

31.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

32.     Defendant condoned and tolerated discrimination, harassment, retaliation, a hostile environment and other adverse actions toward Plaintiff.

33.     Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964", as amended, and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983.

34.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

35.     Plaintiff has satisfied all administrative prerequisites to bring this claim.

**PLAINTIFF'S PRAYER FOR RELIEF AS TO ALL COUNTS**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests

this Court adopt jurisdiction of this action and enter a judgment against Defendants for violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983, and award Plaintiff the following relief:

    a.    Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983.

    b.    Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights Act of 1964", as amended and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983;

    c.    Grant Plaintiff an order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs;

    d.    Grant Plaintiff injunctive relief, including backpay, reinstatement and/or reasonable front pay (inclusive of pre-judgment and post judgment interest); and

    e.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 BY AND THROUGH 42 U.S.C. 1983 RETALIATION CLAIMS

36. Plaintiff hereby adopts and realleges paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

37. Plaintiff is an African American female and was hired in or around August 2017 as an Inventory Clerk and when Plaintiff started work she was also assigned the duties of Kitchen Supervisor and given the title of Inventory Clerk/Kitchen Supervisor.

38. Not long after Plaintiff was hired she was subjected to harassment, discriminatory comments and a hostile working environment by Caucasian employees Valarie Redledo and Patsy Martin. Valerie Redledo called Plaintiff a "black bitch" on more than one occasion. Caucasian employees told Plaintiff that she "better watch her back."

39. In August 2017, Plaintiff complained to her supervisor, Amanda Howington, about the racial discrimination, discriminatory comments and hostile working environment and reported that she was being discriminated against and harassed by Caucasian employees Valerie Redledo and Patsy Martin. Plaintiff complained and engaged in protected activity.

40. After Plaintiff engaged in protected activity and complained to her

8

Caucasian supervisor, Ms. Howington began retaliating against Plaintiff, harassing her, treating Plaintiff differently, and creating a hostile working environment for the Plaintiff.

41. In or around September 2017, Plaintiff complained to the Caucasian Principal, Paul Hohler, about the discrimination, retaliation, harassment, hostile working environment and retaliation.

42. Plaintiff also filed grievances regarding the discriminatory, harassing and retaliatory conduct and submitted a grievance to the Caucasian Acting Assistant Superintendent, Marcus Fuller.

43. On or about October 1, 2017, Plaintiff's wages were decreased from a level ten to a level two resulting in a $400.00-$500.00 monthly pay reduction.

44. Around October 2017, and after Plaintiff engaged in protected activity, her office was moved into a closet/stock room.

45. On or about November 6, 2017, Ms. Crystal Patterson, the Caucasian Food Director, and Ms. Michelle Washington Human Resources Director, called Plaintiff to a meeting with all the Caucasian employees Plaintiff complained about and the same employees who subjected Plaintiff to discrimination, harassment, retaliation and a hostile working environment. Ms. Patterson yelled at Plaintiff and did not treat the Caucasian employees in the same manner. Ms. Washington informed Plaintiff that she was not a manager and there was no such position.

9

However, Plaintiff was still required to perform management duties without receiving the appropriate managerial pay.

46. On November 1, 2017, Plaintiff was unjustly issued a verbal warning by Ms. Howington, Plaintiff's Caucasian supervisor.

47. On December 4, 2017, Plaintiff was unjustly issued a written reprimand by Ms. Howington.

48. On December 6, 2017, Plaintiff was fired.

49. Defendant subjected Plaintiff to adverse actions and treatment, discrimination, harassment and retaliation, with respect to the terms and conditions of her employment.

50. Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

51. Defendant's illegal retaliatory, harassing and adverse actions injured Plaintiff.

52. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

53. Defendant condoned and tolerated discrimination, harassment, retaliation, a hostile environment and other adverse actions toward Plaintiff.

54. Defendant's actions were in violation of Title VII of the "Civil Rights

Act of 1964", as amended, and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983.

55. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

56. Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PLAINTIFF'S PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court adopt jurisdiction of this action and enter a judgment against Defendants for violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983, and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983.

b. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights Act of 1964", as

amended and 42 U.S.C. § 1981, as amended, by and through 42 U.S.C. 1983;

  c. Grant Plaintiff an order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs;

  d. Grant Plaintiff injunctive relief, including backpay, reinstatement and/or reasonable front pay (inclusive of pre-judgment and post judgment interest); and

  e. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

CYNTHIA FORMAN WILKINSON
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**

WILKINSON LAW FIRM, PC
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

12

_____
HEATHER NEWSOM LEONARD
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421 – voice
(205) 278-1400 – facsimile
Heather@HeatherLeonardPC.com

**PLAINTIFF'S ADDRESS:**

Ms. Carissa Williams
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

Lee County Board of Education
2410 Society Hill Road
Opelika, AL 36804

13